IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

THADDEUS MATTHEWS
d/b/a EXPRESS YOURSELF,

    Plaintiff,

v.                              No. 04-2947

WMQM, INC.,
d/b/a AM 1600,

    Defendant.

---

ORDER OF DISMISSAL WITH PREJUDICE AND ORDER TO SHOW CAUSE

---

On May 4, 2005 Defendant/Counter-Plaintiff WMQM, Inc. d/b/a AM 1600 ("WMQM") filed a motion for judgment on the pleadings or, in the alternative, for summary judgment against the Plaintiff/Counter-Defendant, Thaddeus Matthews d/b/a/ Express Yourself ("Matthews"). After the deadline passed with no response from the Plaintiff, this Court entered an order directing him to show cause why the Defendant's motion should not be granted. The Court instructed Matthews to respond to the Defendant's motion within eleven days of the entry thereof, admonishing him that failure to comply with the order could result in dismissal of his claims with prejudice. According to the Court's docket, no response was filed on behalf of the Plaintiff within the time specified by the Court.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." FED. R. CIV. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket




and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that her failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to respond to both the Defendant's motion and the Court's show cause order directing a response. Clearly, the necessity of monitoring

a case that the Plaintiff has dilatorily permitted to languish indefinitely works some hardship on the Defendant. In addition, the Plaintiff was cautioned by the Court's order of June 13, 2005 concerning the ramifications of a failure to comply with the Court's orders and respond to the Defendant's motion. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter. Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

The Court further notes that the Clerk of the Court entered an order granting Defendant/Counter-Plaintiff's request for entry of default against Matthews on WMQM's counterclaim on May 17, 2005. However, according to the Court's docket, WMQM has not filed a motion for default judgment against the Plaintiff/Counter-Defendant in accordance with Rule 55(b) of the Federal Rules of Civil Procedure or taken any other action to conclude this matter. Rule 55(b)(2) provides that "the party entitled to a judgment by default shall apply to the court therefor." FED. R. CIV. P. 55(b)(2).

Accordingly, since no request for a default judgment has been made by the Defendant/Counter-Plaintiff, it is hereby ORDERED to SHOW CAUSE within eleven (11) days of the entry of this order why its counterclaim should not be dismissed for failure to prosecute. Failure to respond to the Court's directive may result in dismissal of WMQM's claims.

IT IS SO ORDERED this 17th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 16 in case 2:04-CV-02947 was distributed by fax, mail, or direct printing on October 18, 2005 to the parties listed.

---

Jef Feibelman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Javier M. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT